**510**

Eldon EDWARDS, Appellant,

v.

Edgar Lee KEY, Appellee.

Court of Appeals of Kentucky.

Feb. 7, 1969.

Morris Butler, Greensburg, for appellant.

T. L. Burress, Greensburg, Elwood Rosenbaum, Lexington, for appellee.

MILLIKEN, Judge.

This appeal involves an inconsistent verdict in an action by Donald Gene Judd, driver of a motorcycle, and his nineteen-year-old passenger, Eldon Edwards, against Edgar Lee Key, the operator of an automobile with which the motorcycle collided. Key counterclaimed against Judd for $150.00 damages to his automobile. The jury found Judd and Key both negligent and refused recovery to either and at first did not dispose of Edwards' claim against Key. The jury was directed to return to the jury room and return a verdict on Edwards' claim and it found, "We the undersigned jurors award Eldon Edwards nothing due to the negligence of Donald Gene Judd."

The record recites:

"Thereupon before the jury was discharged, counsel for Edwards moved the Court not to accept said verdict but to return them for further deliberation with the instruction to find monetary damages for Edwards since their verdict under instruction IV held both drivers negligent, and as a matter of law Edwards was then entitled to damages under instruction VI against Edgar Lee Key, and that the verdict written under instruction VI was inconsistent with the previous verdict under instruction IV, which motion the court overruled."

In its opinion the trial court declared:

> "This court is of the opinion that the jury found both Judd and Edwards guilty of negligence as well as the defendant and actually rendered a dog-fall verdict in the two verdicts."

Up to this point the closest the defendant, Key, had come to a plea of contributory negligence against the passenger, Edwards, was to say that any damages Judd and Edwards may have suffered would not have happened except for Judd's "negligence contributing thereto," and so no instruction on any contributory negligence of Edwards was given by the court, and no objection to the instructions was made by any of the parties.

The transcript of the testimony was not filed with this appeal by Edwards who rests on his motion to "alter, amend or vacate the judgment" and to enter a new judgment for him allowing recovery for monetary damages and to reset his action for trial upon the issue of damages only because of the developments heretofore described in this opinion.

It must be noted now that Judd did not appeal the judgment against him and that the defendant, Key, did not cross-appeal from the judgment against him on his counterclaim for $150.00 property damage against Judd. In accepting the verdict and judgment by not objecting to or appealing their inconsistency Key must be held to have accepted them in toto, inconsistency and all. But such is not the case with Edwards who lost the verdict; he has appealed because he asserts that he is entitled to a monetary judgment against Key as a matter of law since Key had been found negligent and no contributory negligence had been pleaded against him, Edwards. In other words, any contributory negligence on Edwards' part was not an issue.

The pertinent instructions, Numbers IV and VI, given by the court and not objected to by any of the parties are as follows:

### INSTRUCTION NUMBER IV

"The court instructs the jury that if they should believe that both the Plaintiff, Donald Gene Judd, and the Defendant, Edgar Lee Key, failed to observe any one or more of the duties required of them under these instructions and that the negligence of both the Plaintiff, Donald Gene Judd, and the Defendant, Edgar Lee Key, so contributed as to cause the accident about which you have heard evidence, then the jury shall not find for either party under these instructions."

### INSTRUCTION NUMBER VI

"You will find for the Plaintiff, Eldon Edwards, and award his (sic) such damages as you may believe from the evidence will fairly and reasonably compensate him for his pain and suffering, if any, both physical and mental, which he has endured and will in the future endure as a result of the injuries sustained in the accident about which you have heard evidence and for the permanent impairment of his ability to labor and earn money, if any, the total award not to exceed the sum of $25,000.00, the amount claimed, unless you should believe from the evidence that said accident was caused and brought about by the *sole* negligence of the Plaintiff, Donald Gene Judd, in failing to observe one or more of the duties required of him in these instructions." (Emphasis ours.)

Whether the jury would have found the defendant, Key, negligent under instruction IV as it did, had it realized that it could not then find under instruction VI that the injuries suffered by Edwards were caused by the "sole negligence" of Judd, as it in effect did when it denied Edwards any recovery for the negligence of Key, is a matter of speculation which does not concern us, for it is Edwards and Edwards alone, and not Key, who objected to the inconsistency and its effect and again it is Edwards who saved his rights by promptly

moving the court to direct the jury to return a monetary verdict for Edwards as a matter of law since it had found Key negligent. Judd could not be found to be solely negligent under instruction VI after Key had been found negligent under instruction IV.

■ Ordinarily, the negligence of a driver of a motor vehicle is not imputable to his passenger or guest and the latter may recover from a negligent third party. Restatement, (Second) Torts, Section 490; 8 Am.Jur., Automobiles, Section 668. (For collection of Kentucky cases see Kentucky Digest, Negligence, ☞93(14)). Consequently, the guest, Edwards, is entitled to recover from the negligent defendant, Key. Since we do not have the transcript of testimony and no cross-appeal has been taken by Key we do not have any exception to the general principle (such as the possibility of an agency relationship between the operator of the motorcycle and his passenger Edwards) urged upon us as a justification for not applying the general principle to this case. Since the court gave no instruction to the jury covering any contributory negligence on Edwards' part, and no exceptions were taken to the instructions, we must conclude that the jury verdict ends that issue. The fact that the trial court permitted Key to file a contributory negligence defensive pleading under CR 15.02 after the verdict and judgment thereon consequently was too late to be effective.

■ Because of the posture of the case as it has reached us, we conclude that Edwards is entitled to have his damages assessed by a jury because Key was found negligent and it is from Key alone from whom Edwards has sought recovery. The judgment is reversed and the case is remanded for proceedings consistent herewith.

All concur.